Randy L. Dryer (924)
Richard Mrazik (10623)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  801-532-1234
Facsimile:  801-536-6111
RDryer@parsonsbehle.com
RMrazik@parsonsbehle.com
ECF@parsonsbehle.com
*Attorneys for Defendants*

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CONSUMERAFFAIRS.COM, INC., a Nevada corporation, CONSUMERS UNIFIED, LLC, a Nevada limited liability company; and DAVID ZACHARY CARMAN, an individual <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br> Civil No. 1:16-cv-00168-DBP <br><br> Magistrate Judge Dustin B. Pead |

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, and in accordance with 28 U.S.C. § 1331 and 1367, Defendants ConsumerAffairs.com, Inc. ("ConsumerAffairs"), Consumers Unified, LLC ("Consumers Unified"), and David Zachariah Carman ("Carman") (sued incorrectly herein as "David Zachary Carman") (collectively, "Defendants") hereby remove this civil action, pending in the District Court of the First Judicial District, Cache County, Utah, to the United States District Court for the District of Utah, Northern Division.  In support of this Notice of Removal, Defendants state as follows:

## INTRODUCTION

1.     Plaintiff Icon Health & Fitness, Inc. ("Plaintiff") commenced this action by filing a Complaint in the District Court of the First Judicial District, Cache County, Utah, on or about November 4, 2016, which is docketed as Civil No. 160100397.  *See* **Exhibit 1.**

2.     Plaintiff served all Defendants personally on November 14, 2016.

3.     This Notice of Removal is being filed on December 13, 2016, which is within thirty days of November 14, 2016.  *See* 28 U.S.C. § 1446(b).  Therefore, this notice of removal is timely filed within the time required by 28 U.S.C. § 1446(b).

4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings that have been received by Defendants, together with other filings on file with the District Court of the First Judicial District, are filed herewith.  *See* **Exhibit 2** (Summons to Carman); **Exhibit 3** (Summons to Consumers Unified); and **Exhibit 4** (Summons to ConsumerAffairs).

## PLAINTIFF'S CLAIMS

5.     Plaintiff claims to be the "largest producer and manufacturer of exercise equipment in the world."  Complaint ("Compl.") ¶ 2.

6.     Defendants own and/or operate a website (the "Website") on which are posted product and brand reviews written by consumers, and they publish an "Overall Satisfaction Rating" for companies reviewed on the Website that ranges from 1 to 5 stars based on star ratings submitted by consumers.  *See* Compl. ¶ 5.

7.     According to Plaintiff, although Defendants purport to operate "an independent, trustworthy Web-based consumer news and resource center," Compl. ¶3, Defendants "discriminatorily post reviews and [star] ratings based solely on whether customers have paid fees."  *Id.* ¶ 1.

8. Specifically, Plaintiff accuses Defendants of not posting and removing "legitimate positive reviews" of Plaintiff's business in order to lower its star rating and coerce it to pay fees to Defendants. *Id.* ¶ 9.

9. In addition, according to Plaintiff, Defendants' "actively solicit[] and post[] positive reviews for paying members only." *Id.* ¶ 8. Defendants also "cherry-pick" positive reviews for companies that pay "exorbitant setup and monthly fees," positioning those reviews at the top of its Website in the relevant industry category, while not doing the same for Plaintiff. *Id.* ¶¶ 20-21.

10. Further, on the Website pages of non-paying companies, according to Plaintiff, consumers are greeted with screens that direct them away from those companies and to the pages of companies who have paid Defendants to appear on the Website as a "top alternative" or as "consumer recommended." *Id.* ¶ 8.

11. Plaintiff alleges that Defendants gave it "no choice" but to participate in Defendants' fee-paying scheme because of the number of negative reviews posted about Plaintiff on the Website, the lack of positive reviews, and because Defendants prevented it from responding to consumer complaints and having its star rating adjusted. *Id.* ¶ 22.

12. Ultimately, Plaintiff declined to enter into any agreement to pay fees to Defendants. *Id.* ¶ 25. As a result, Plaintiff alleges, it was damaged by Defendants' "concerted scheme of biased and manipulative review posting [on the Website] related to ICON and its products." *Id*. ¶ 1.

13. Based on this common set of core allegations, Plaintiff asserts four claims for relief against all Defendants: (1) for unfair trade practices under Utah's Unfair Practices Act, Consumer Sales Practices Act, Truth in Advertising Act, and Unfair Competition Act; (2) for

intentional interference with prospective economic relations; (3) for violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. §§ 1961, 1962, and 1964; and (4) for defamation. Plaintiff seeks both compensatory and punitive damages.

## GROUNDS FOR REMOVAL

14. The present lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1367 (supplemental jurisdiction), and 1441 (removal of civil actions).

15. This Court has original jurisdiction over Plaintiff's Third Claim for Relief for RICO violations under 18 U.S.C. §§ 1961, 1962, and 1964. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

16. Plaintiff's First, Second, and Fourth Claims for Relief—for unfair trade practices, intentional interference with prospective economic relations, and defamation—are state law claims arising from the same common set of core allegations as Plaintiff's RICO claim. Further, Plaintiff's First, Second, and Fourth Claims for Relief seek damages for the same allegedly wrongful conduct as Plaintiff's RICO claim. Accordingly, this Court has supplemental jurisdiction over Plaintiff's First, Second, and Fourth Claims for Relief because they are so related to Plaintiff's RICO claim that they form part of the same case or controversy. *See* 28 U.S.C. 1367(a).

17. There are no other claims asserted against any other Defendants named in Plaintiff's Complaint.

## JOINDER AND NOTICE

18.     Undersigned counsel represents all Defendants joined and served in this matter, and all Defendants hereby join in this Notice of Removal.

19.     The United States District Court for the District of Utah, Northern Division, is the appropriate place for a case removed from the District Court of the First Judicial District, Cache County, Utah.  28 U.S.C. § 105(b)(4).

20.     Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with this Notice of Removal, and a copy of this Notice of Removal has been filed with the Clerk of the District Court of the First Judicial District, Cache County, Utah.  *See* **Exhibit 5**.

WHEREFORE, notice is given that this action is removed from the District Court of the First Judicial District, Cache County, Utah, to the United States District Court for the District of Utah, Northern Division.

RESPECTFULLY SUBMITTED this 13th day of December, 2016.

/s/ Richard E. Mrazik
RANDY L. DRYER
RICHARD E. MRAZIK
PARSONS BEHLE & LATIMER
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 13, 2016, I electronically filed the foregoing **NOTICE**

**OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and I served a copy of

the foregoing upon the following via prepaid, first class United States Mail.

> Brad H. Bearnson
> Wayne K. Caldwell
> Aaron K. Bergman
> BEARNSON & CALDWELL. LLC
> 399 North Main, Suite 270
> Logan, Utah 84321
> Telephone: (435)752-6300
> Facsimile: (435)752-6301
> bbearnson@bearnsonlaw.com
> wcaldwell@bearnsonlaw.com
> abergman@bearnsonlaw.com
> mandreasen@bearnsonlaw.com

 /s/ Richard E. Mrazik