Randy L. Dryer (924)
Richard E. Mrazik (10623)
J. Adam Wright (16202)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: 801-532-1234
Facsimile: 801-536-6111
RDryer@parsonsbehle.com
RMrazik@parsonsbehle.com
AWright@parsonsbehle.com

Cameron Stracher (admitted *pro hac vice*)
4 New York Plaza, 2d Floor
New York, NY 10004
Telephone: 212-743-6513
Facsimile: 646-810-3089
cam@stracherlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONSUMERAFFAIRS.COM, INC., a Nevada corporation, CONSUMERS UNIFIED, LLC, a Nevada limited liability company; and DAVID ZACHARY CARMAN, an individual<br><br>Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case No. 1:16-cv-00168-DBP<br><br>Magistrate Judge Dustin B. Pead |

Defendants ConsumerAffairs.com, Inc., Consumers Unified, LLC, and David Zachariah Carman (collectively "Defendants") submit this Answer to Plaintiff's First Amended Complaint, and respond to each of Plaintiff's allegations as follows:

24086.001\4830-0184-8159v5

## NATURE OF THE CASE

1. Paragraph 1 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny each allegation of paragraph 1, except admit that this is a civil action seeking damages and injunctive relief.

## PARTIES

2. Defendants admit that Plaintiff is a Delaware corporation with headquarters in Logan, Utah. With respect to every other allegation in paragraph 2, Defendants lack knowledge or information sufficient to form a belief, and therefore deny the same.

3. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 3, and therefore deny the same.

4. Defendants admit the allegations in paragraph 4.

5. Paragraph 5 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny each allegation in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

## GENERAL ALLEGATIONS

7. Defendants admit that the ConsumerAffairs.com home page contains the quoted language, but deny that the language is "prominently stated" on the page.

8. Admit.

9. Defendants admit the allegations in paragraph 9, except deny that the quoted language is "state[d] loudly and clearly."

10. Paragraph 10 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 10.

24086.001\4830-0184-8159v5

11. Defendants deny that ConsumerAffairs' current website contains the alleged hyperlink. Defendants lack knowledge or information sufficient to form a belief as to whether a prior version of ConsumerAffairs' website contained the alleged hyperlink.

12. Defendants deny that the allegations in paragraph 12 accurately represent ConsumerAffairs' current website. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations accurately represent a prior version of ConsumerAffairs' website.

13. Defendants deny that the allegations in paragraph 13 accurately represent ConsumerAffairs' current website. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations accurately represent a prior version of ConsumerAffairs' website.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny that the allegations in paragraph 15 accurately represent ConsumerAffairs' current website. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations accurately represent a prior version of ConsumerAffairs' website.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants admit that Defendant ConsumerAffairs.com, Inc. ("ConsumerAffairs") made the statement alleged in paragraph 19. Deny that Defendants Consumers Unified, LLC or David Carman have made this representation.

24086.001\4830-0184-8159v5

20.     Defendants deny the allegations in paragraph 20 related to ConsumerAffairs' representations to consumers, but admit that ConsumerAffairs is an independent, Web-based consumer news and resource center.

      a.     Defendants admit that Defendant ConsumerAffairs has made the representation that "Knowledge is power." Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this representation.

      b.     Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20b. Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

      c.     Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20c. Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

      d.     Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20d. Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

      e.     Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20e. Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

      f.     Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20f. Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

      g.      Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20g, in the following context: "While ConsumerAffairs never changes star ratings at a company's request, a consumer may choose to change a star rating after resolving a complaint with a company, and this could increase a company's overall star rating." Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

      h.      Defendants admit that Defendant ConsumerAffairs has made the statement alleged in paragraph 20h. Deny that the statement is false or misleading. Deny that Defendants Consumers Unifed, LLC or David Carman have made this statement.

21.      Defendants deny that the statements in paragraph 20 constitute "advertisements" under any applicable law.

22.      Defendants deny the allegations in paragraph 22.

23.      Defendants deny the allegations in paragraph 23.

24.      Defendants deny the allegations in paragraph 24.

25.      Defendants admit that ConsumerAffairs made the statement alleged in paragraph 25. Deny that this amounts to a "tacit[] acknowledg[ment] [of Defendants] potential to manipulate data, and their propensity and willingness to do so."

26.      Defendants lack knowledge or information sufficient to form a belief as to whether the allegations in paragraph 26 accurately reflect the ConsumerAffairs' website on July 26, 2017.

27.      Defendants lack knowledge or information sufficient to form a belief as to whether the allegations in paragraph 27 accurately reflect the ConsumerAffairs' website on July 26, 2017.

24086.001\4830-0184-8159v5

28. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations in paragraph 28 accurately reflect the ConsumerAffairs' website on the date Plaintiff filed the original Complaint.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations in paragraph 32 accurately reflect the ConsumerAffairs' website during the alleged timeframe.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny that the allegations in paragraph 34 accurately represent ConsumerAffairs' current website. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations accurately represent a prior version of ConsumerAffairs' website.

35. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 35, and therefore deny the same.

36. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 36, and therefore deny the same.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 40, and therefore deny the same.

41. Defendants deny the allegations in paragraph 41, except admit that ConsumerAffairs disclosed that the NordicTrack brand rating was "based on 45 ratings out of 222 reviews."

42. Defendants deny that the allegations in paragraph 42 accurately represent ConsumerAffairs' current website. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations accurately represent a prior version of ConsumerAffairs' website.

43. Defendants admit the allegations in paragraph 43, except deny that the alleged phrases "create[] an even more misleading turn of phrase."

44. Defendants deny that the allegations in paragraph 44 accurately represent ConsumerAffairs' current website. Defendants lack knowledge or information sufficient to form a belief as to whether the allegations accurately represent a prior version of ConsumerAffairs' website.

45. Defendants deny that Defendants claim that the New York Times, CNN, Forbes, AARP, NBC News, and the Washington Post "endorse" Defendants. Defendants admit that Defendants state that ConsumerAffairs is "featured in" these news outlets, but deny that this is "confusing."

46. Defendants admit that the alleged statements appear on ConsumerAffairs.com, but deny that the statements are false or misleading.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief about the percentage of consumers who "believe it is important to look to other consumer reviews in determining whether to purchase a given product," and therefore deny the same. Defendants admit that the alleged statement appears on ConsumerAffairs.com, but denies that the statement is confusing or deceptive.

51. Defendants admit that ConsumerAffairs.com contains Overall Satisfaction Ratings for brands, expressed as a star rating. Defendants deny all other allegations in paragraph 51.

52. Defendants admit, upon information and belief, that consumer reviews are important marketing tools. Defendants lack knowledge or information sufficient to form a belief as to whether real and fabricated consumer reviews have the same impact on consumer purchasing decisions.

53. Defendants lack knowledge or information sufficient to form a belief about whether real and fabricated negative reviews have an equally strong impact upon consumer decisions.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55, except admit that Emily Burke spoke with Travis Cox.

56. Defendants admit that Emily Burke communicated with Plaintiff, and asked Plaintiff to sign a non-disclosure agreement. Defendants admit that Emily Burke provided statistics to Travis Cox indicating 8,900 page views with an average of 23 minutes spent on the page. Defendants admit that Emily Burke stated to Travis Cox that "[i]t has been two months and I think

we could really help your business." Defendants admit that Plaintiff did not sign a non-disclosure agreement. Defendants deny all other allegations in paragraph 56.

57. Defendants admit that Emily Burke made the statements in paragraph 57. Defendants deny that Burke "tacitly threatened" Plaintiff.

58. Defendants admit that Travis Cox made the statement in paragraph 58.

59. Defendants deny the allegations in paragraph 59, except admit that Emily Burke sent Plaintiff a Member Accreditation agreement. Defendants direct the Court to the agreement at issue for the true and correct contents therein.

60. Defendants deny the allegations in paragraph 60.

61. Defendants admit that ConsumerAffairs represents the number of reviews that are verified, but that number has grown from the 609,949 verified reviews alleged in paragraph 61. Defendants admit the remaining allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 related to Plaintiff's feelings. Defendants admit that ConsumerAffairs' website contains the quoted language, but deny that it was in response "to a consumer who asked why a repaired review had not been corrected." Defendants deny all other allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64, except admit that the MMA identifies Consumers Unified as the contracting party.

65. Defendants admit that the MMA is part of a business model designed to assist brands manage their online reputation, and that Defendant Carman has spoken about

9

ConsumerAffairs with local press in Tulsa, Oklahoma. Defendants deny all other allegations in paragraph 65.

66. Defendants admit the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

## FIRST CLAIM FOR RELIEF
(UTAH COMMERCE AND TRADE)

70. Defendants incorporate their previous responses and allegations in response to paragraphs 1 to 69 as if fully set forth herein.

71. Paragraph 71 sets forth legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in paragraph 71.

72. Plaintiff's allegations in paragraph 72 relate to its claim under the Utah Unfair Competition Act, which the Court has dismissed. Accordingly, no response is required.

73. Plaintiff's allegations in paragraph 73 relate to its claim under the Utah Consumer Sales Practices Act, which the Court has dismissed. Accordingly, no response is required.

74. Defendants deny that the statements alleged in paragraph 20 constitute "advertisements." Defendants further deny that the statements alleged in paragraph 20 are attributable to Defendant Consumers United or Defendant Carman.

   a. Paragraph 74a sets forth legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in paragraph 74a.

   b. Paragraph 74b sets forth legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in paragraph 74b.

10

      c.      Paragraph 74c sets forth legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in paragraph 74c.

      d.      Paragraph 74d sets forth legal conclusions to which no response is required. If a response is required, Defendants deny the allegations in paragraph 74d.

75. Defendants deny the allegations in paragraph 75.

76. Paragraph 76 sets forth a legal conclusion to which no response is required. If a response is required, Defendants deny the allegations in paragraph 76.

77. Because the Court has dismissed Plaintiff's claim under the Unfair Competition Act, no response is required to paragraph 77.

78. Defendants deny the allegations in paragraph 78.

## SECOND CLAIM FOR RELIEF
(INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS)

79-85. Paragraphs 79-85 relate to Plaintiff's Second Claim for Relief, which the Court has dismissed. Accordingly, no response is required.

## THIRD CLAIM FOR RELIEF
(RICO)

86-128. Paragraphs 86-128 relate to Plaintiff's Third Claim for Relief, which the Court has dismissed. Accordingly, no response is required.

## FOURTH CLAIM FOR RELIEF
(DEFAMATION)

129-138. Paragraphs 129-138 relate to Plaintiff's Fourth Claim for Relief, which the Court has dismissed. Accordingly, no response is required.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to judgment in its favor or any other relief, including the relief requested in Plaintiff's Prayer for Relief.

## DEFENSES

### FIRST DEFENSE

The statements which form the basis of Plaintiff's claim under the Utah Truth in Advertising Act do not constitute "advertising" under the Act.

### SECOND DEFENSE

Defendants are not "suppliers," as defined under the Utah Truth in Advertising Act.

### THIRD DEFENSE

Plaintiff have failed to comply with the notice requirements of the Utah Truth in Advertising Act. *See* Utah Code § 13-11a-4(5).

### FOURTH DEFENSE

Defendants have not engaged in any deceptive trade practices enumerated under the Utah Truth in Advertising Act. *See* Utah Code § 13-11a-3.

### FIFTH DEFENSE

To the extent Plaintiff's Utah Truth in Advertising Act claim is premised upon Defendants' publication of information created by third-parties, the claim is barred under section 230 of the Communications Decency Act.

## SIXTH DEFENSE

Defendants reserve the right to assert any and all other defenses that may be applicable as this case proceeds and as the facts supporting such defenses becomes known and available to Defendants.

DATED this 27th day of March, 2018

                                  PARSONS BEHLE & LATIMER

                                  /s/ J. Adam Wright
                                  Randy L. Dryer
                                  Richard E. Mrazik
                                  J. Adam Wright
                                  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2018, I caused the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to counsel of record, as follows:

>Brad H. Bearnson
>Wayne K. Caldwell
>Aaron K. Bergman
>BEARNSON & CALDWELL. LLC
>399 North Main, Suite 270
>Logan, Utah 84321
>Telephone: (435)752-6300
>Facsimile: (435)752-6301
>bbearnson@bearnsonlaw.com
>wcaldwell@bearnsonlaw.com
>abergman@bearnsonlaw.com

/s/ J. Adam Wright