# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CONSUMER AFFAIRS.COM, a Nevada corporation, CONSUMERS UNIFIED, LLC, a Nevada limited liability company; and DAVID ZACHARY CARMAN, an individual,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:16-cv-00168-DBP<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 14). The matter is presently before the court on Plaintiff Icon Health and Fitness, Inc.'s ("Plaintiff") related motions seeking entry of final judgment pursuant to Rule 54(b) (ECF No. 49), and seeking permission to file a permissive appeal under 28 U.S.C. § 1292(b) (ECF No. 53). Defendants ConsumerAffairs.com, Consumers Unified, LLC, and David Zachary Carman (collectively "Defendants") oppose both motions. (ECF Nos. 54, 56). Plaintiff filed timely replies in further support of its motions. (ECF Nos. 55, 57). The court did not hear oral argument. For the reasons set forth below the court will deny both motions.

## ANALYSIS

As discussed in detail below, the court will deny Plaintiff's motions because Plaintiff fails to persuade the court that this case merits a departure from the ordinary practice of appeal only

after final judgment on all claims. Whether measured in terms of "materially advanc[ing] the ultimate termination of the litigation" under 28 U.S.C. § 1292, or in terms of "no just reason for delay" under Rule 54(b), the court finds an early appeal unwarranted here.

## I. The court declines to certify the case for a permissive appeal under § 1292 because an appeal will not materially advance this litigation

### a. Parties' arguments

Plaintiff argues an immediate appeal from the court's decision dismissing its claims will materially advance the termination of this litigation because a reversal on appeal "would necessitate a second, entirely new trial." (ECF No. 53 at 6).

Defendants argue an appeal will only delay the termination of this lawsuit because an appeal will not obviate the need for trial, simplify issues at trial, or eliminate any issues to be tried. (ECF No. 56 at 9). Defendants also contend that speculation about future Tenth Circuit rulings does not provide evidence that an interlocutory appeal will materially advance litigation. (*Id.*) (citing *Lindley v. Life Investors Ins. Co. of Am.*, No. 08-CV-379, 2010 WL 2465515, at *4 (N.D. Okla. June 11, 2010)).

### b. Analysis

Plaintiff fails to show that an immediate appeal may materially advance the ultimate termination of this litigation. A district court may certify a civil order for interlocutory appeal if the judge is "of the opinion that" three elements are met: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28

U.S.C. § 1292(b).[1] Interlocutory appeals under § 1292(b) are appropriate only in extraordinary cases. *Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) ("Our recommendation is founded upon the premise that the enlargement of the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action."). "[T]he basic inquiry must be whether immediate appeal may substantially reduce the danger of unnecessary, or unnecessarily burdensome, proceedings." Charles A. Wright, et al., Fed. Prac. & Proc. Juris. § 3931 (3d ed.). "There is no right to appeal from orders of any sort that are generally within the statute, and it is to be expected that permission will be denied frequently." *Id.*

Plaintiff identifies nothing that might be gained by allowing an appeal at the present time. Plaintiff contends that a reversal on appeal will result in future proceedings at the trial court level. (ECF No. 53 at 6) (ECF No. 57 at 9). This contention is entirely unremarkable. Nearly all successful appeals, particularly appeals of orders dismissing claims at the pleading stage, result in additional proceedings at the trial court level. Nonetheless, interlocutory appeals remain the rare exception; not the rule.

Plaintiff's proposal seeks to turn the rule on its head. A hypothetical involving the case at bar illustrates this point. Had the court reached a contrary decision on Defendants' motions to dismiss–finding CDA immunity did not apply–Defendants could have credibly argued that decision would expose them to "extended and expensive proceedings [that] can be avoided" by immediate appeal. *Kennecott* at 1495. Defendants would have been defending a case that might

---

[1] The parties discuss all three elements, but he court finds the third element entirely dispositive of Plaintiff's motion and thus will not address the two other elements.

have been unnecessary if the court were later reversed on its hypothetical refusal to extend CDA immunity. Prolonged defense of claims that an appellate court may later find immunized by statute could constitute the variety of harm § 1292(b) seeks to ameliorate. Of course, the court made the opposite ruling here. The court applied CDA immunity. Plaintiff does not identify any extended or expensive proceedings that might be avoided by immediate appeal under the extant circumstances. Quite the contrary; Plaintiff suggests the proceedings here might be expanded if it succeeds on appeal.

## II. The court will deny Plaintiff's 54(b) motion because Plaintiff fails to show there is "no just reason [to] delay" Plaintiff's anticipated appeal

### a. Parties' Arguments

Plaintiff argues the court should certify its decision partially granting Defendants' motion to dismiss as a final order because there exists no "just reason for delay."[2] (ECF No. 49). Yet as Defendant's point out, Plaintiff's brief is notable for its failure to consider any inequities that might result from delaying an appeal. (ECF No. 54 at 5).

### b. Analysis

Plaintiff fails to justify its request for the court to certify its Memorandum Decision as a final order for purpose of appeal because Plaintiff refuses to analyze whether any inequities will result if it is not allowed to pursue an immediate appeal. Rule 54(b) provides that the court may enter final judgment on fewer than all claims in a case only if it determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Tenth Circuit clarified that Rule 54(b) requires a court certifying an order as final to clearly articulate its reasoning for finding its decision is "final" and

---

[2] Plaintiff also contends the court's order is final with regard to the claims dismissed. (ECF No. 49 at 2–5). The court finds it need not reach this issue to dispose of Plaintiff's Rule 54(b) motion.

that "no just reason for delay of entry of its judgment exists." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). "In making these determinations, the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Id.* "Indeed, 'trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.'" *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

As Defendants point out, Plaintiff does not articulate any basis on which the court could find "no just reason for delay." Plaintiff mentions no inequity or hardship that will result if this case proceeds to trial without an immediate appeal. Plaintiff merely states it has no additional facts it could plead to revive its dismissed claims. (ECF No. 49 at 5–6). While this may support a finding of finality, it does nothing to establish the absence of just reason for delay.

In response to Defendants' argument, Plaintiff's reply states it should not have to demonstrate a "just reason for expediting an appeal." (ECF No. 55 at 4). Plaintiff's argument appears to be a semantic one without material impact on this case. Plaintiff acknowledges the court must consider "the possible injustice of a delay . . . ." (ECF No. 55 at 2). Further, the Tenth Circuit has expressly stated that a district court must weigh "Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's* at 1265. In light of Plaintiff's failure to meaningfully address this required element, the court will deny Plaintiff's motion for certification under Rule 54(b). The ordinary policy against piecemeal appeals provides a just reason to delay Plaintiff's anticipated appeal.

# **ORDER**

For the reasons set forth above, the Court:

**DENIES** Plaintiff's "Motion for Entry of Final Judgment by Rule 54(b)." (ECF No. 49); and

**DENIES** Plaintiff's "Motion to Amend and Certify Court's Memorandum Decision for Permissive Appeal to the Tenth Circuit Court of Appeals." (ECF No. 53).

Dated this 8th day of May 2018.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge